**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0352-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

YUSEF STEELE, a/k/a
YUSIF STEELE,

    Defendant-Appellant.

_____

Submitted December 14, 2020 – Decided December 31, 2020

Before Judges Sabatino and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 09-05-0884.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Yusef Steele appeals the trial court's denial of his petition for post-conviction relief ("PCR") arising out of Middlesex County Indictment No. 09-05-0884. We consider this appeal back-to-back with A-0353-18, which concerns the trial court's denial of a PCR petition stemming from an unrelated indictment. For the reasons that follow, we affirm.

The facts were described in our previous opinion on direct appeal from defendant's conviction in this case. State v. Steele, No. A-4044-11 (App. Div. Mar. 24, 2015) (slip opinion). Succinctly stated, New Brunswick police observed defendant on April 10, 2009 in an area known for drug trafficking. They saw defendant and another man huddled close, and defendant appeared to be counting something. The men separated when they saw the officers. As defendant walked away, one of the officers saw him drop a bundle of heroin on the ground. The police apprehended him and found on his person seven bags of marijuana plus $254 in cash. The bags of heroin were retrieved from the ground close by.

According to the police, the seized marijuana and heroin were placed in an evidence bag and secured at the police station. Samples of the drugs were tested at the State Police laboratory and confirmed by the chemist to be heroin and marijuana. The police questioned defendant about the seized drugs. He

admitted the marijuana was for personal use but refused to concede that the heroin was his.

The indictment charged defendant in five counts with multiple drug offenses concerning the heroin and marijuana: count one, third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1); count two, third-degree possession with intent to distribute heroin, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); count three, fourth-degree possession with intent to distribute marijuana, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(12); and counts four and five, third-degree possession with intent to distribute heroin and marijuana within 1,000 feet of school property, N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a).

Defendant's pretrial motion to suppress the seized drugs and to dismiss the indictment failed.

The case was tried twice. The first trial in May 2011 resulted in a mistrial because an empaneled juror had passed by while defendant was being arrested. At the second trial in November 2011, the jury found defendant guilty of all five counts.

The trial court sentenced defendant on count four to a mandatory extended term of seven years with a three-year parole disqualifier, to be served consecutively to the sentence imposed on Indictment No. 08-10-1809. The other counts either merged or resulted in concurrent terms.

On direct appeal in 2013, this court upheld defendant's convictions on certain counts but vacated the convictions on two counts of the marijuana offenses because the court had failed to charge lesser-included offenses. We reserved defendant's pro se claims of ineffective assistance of counsel for a future PCR petition. The Supreme Court denied certification. State v. Steele, 223 N.J. 163 (2015).

On remand, the trial court dismissed those two counts and resentenced defendant to a three-year prison term with a three-year parole disqualifier on the surviving counts.

Thereafter, on May 24, 2018, the trial court[1] denied defendant's PCR petition without an evidentiary hearing. That same day, the court likewise denied defendant's petition for PCR arising from an unrelated indictment, which is the subject of the appeal in A-0353-18.

In the present appeal, defendant argues the following:

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

_____

[1] The PCR judge had not presided over the trials.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF.

B. TRIAL COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO CONSULT WITH DEFENDANT PRIOR TO STIPULATING TO THE CHAIN OF CUSTODY AND LAB REPORT REGARDING THE DRUGS IN QUESTION.

C. DEFENDANT IS ENTITLED TO A REMAND TO THE TRIAL COURT TO AFFORD HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

Having considered these arguments, we affirm, substantially for the sound reasons articulated in the PCR judge's oral decision.

The applicable law is well established and requires little elaboration. To establish a deprivation of the Sixth Amendment right to the effective assistance of counsel, a convicted defendant must satisfy the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). When

reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . . ." Fritz, 105 N.J. at 54 (citations omitted); see also State v. Perry, 124 N.J. 128, 153 (1991).

Defendant's PCR petition hinges on an argument that his attorney at the second trial was deficient because that attorney agreed with the prosecutor to stipulate to the chain of custody of the drugs and the associated lab report. We disagree.

The record shows that the State presented the arresting officers and a State forensic scientist at the first trial to establish the chain of custody and they were cross-examined. The stipulation, which defendant contends his attorney made over his strenuous opposition, relieved the State of calling these and other chain of custody witnesses at the second trial.

Defendant testified in his own defense at the second trial and asserted that the heroin he was shown at the police station when the officers interrogated him was different from the heroin the prosecutors presented at trial. However, defendant admitted to the marijuana possession and did not testify that the

marijuana presented at court was not the same marijuana taken from his person or shown to him after his arrest.

Defendant fails to show there was clear prejudice arising from his counsel's stipulation about the chain of custody. Defendant has proffered no proof of evidence-tampering or a break in the chain of the drugs' custody, other than his testimony that the drugs presented in court looked different from the drugs he was shown <u>at the police station</u>. That does not undermine the State's contention that the drugs admitted in evidence were the drugs he possessed <u>at the scene</u>. There is also not a shred of proof that the laboratory analysis of the drugs was scientifically flawed.

The stipulation avoided the specter of the State parading before the jury chain-of-custody witnesses who could have bolstered the overall impressiveness of the State's investigation. The stipulation is within the zone of strategic choices that a criminal trial attorney has great latitude to make. <u>Perry</u>, 124 N.J. at 153.

There was no need for an evidentiary hearing on the PCR petition, as defendant failed to present a prima facie case for redress under the <u>Strickland</u> standards. <u>State v. Preciose</u>, 129 N.J. 451, 462-63 (1992) (requiring a prima facie demonstration to warrant such a hearing).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0352-18T2